IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEREK BETHEA,<br><br>              Plaintiff,<br><br>     v.<br><br>TROPICANA CASINO, et al.,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br><br>Civil Action<br>No. 15-7290 (JBS-KMW)<br><br>**OPINION** |

APPEARANCES:

Derek Bethea, Plaintiff Pro Se
887858-538681A
East Jersey State Prison
Lock Bag-R
Rahway, NJ 07065

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

    Before the Court is Plaintiff Derek Bethea's ("Plaintiff"),

submission of a civil rights complaint pursuant to 42 U.S.C. §

1983. Complaint, Docket Entry 1; Addendum, Docket Entry 6. By

Order dated March 23, 2016, this Court granted Plaintiff's

motion to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915(a) and ordered the Clerk to file the complaint. (Docket

Entry 8).

    At this time, the Court must review the complaint, pursuant

to 28 U.S.C. § 1915(e)(2) to determine whether it should be

dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. BACKGROUND**

Plaintiff, a prisoner confined in East Jersey State Prison ("EJSP"), brings this civil rights action against the Tropicana Casino in Atlantic City and its Security Guard Hicks. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff states that on August 23, 2013, he was illegally detained after gambling in the Tropicana Casino. Complaint at 1. He states his detention was done "without a search warrant and without an [sic] complaint by Tropicana Casino[.]" *Id.* at 2. He alleges Hicks assaulted him, resulting in fractured ribs. *Id.* at 2-3. He seeks relief from the casino and Hicks for gross negligence and asks the Court to file criminal charges against them. *Id.* at 3-4. He further asserts he has been denied access to the courts. *Id.* at 4.

Plaintiff filed the instant complaint on September 23, 2015. On October 13, 2015, the Court administratively terminated the complaint as Plaintiff did not pay the filing fee or submit

2

an *in forma pauperis* application. Docket Entry 2. The Court reopened the matter for consideration after Petitioner submitted an *in forma pauperis* application and addendum to the complaint on November 2, 2015.[1]

## III. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §

---

[1] Prior to receiving Plaintiff's *in forma pauperis* application, the Court received a document that it interpreted as an amended complaint. Docket Entries 3 and 4. Petitioner later informed the Court that the document was intended to be a separate complaint. Docket Entry 7. That complaint is now filed under a separate case number. Docket Entries 3 and 4 are not part of the Court's consideration in this matter, and the Court will instruct the Clerk to remove them from the public docket to avoid further confusion.

1915(e)(2)(b) because Plaintiff is a prisoner proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "A complaint that pleads facts 'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of

---

[2]  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

entitlement to relief.' The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678-79).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although pro se pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

Plaintiff seeks to bring gross negligence, false arrest, and assault claims against Tropicana Casino and one of its employees. Section 1983 only provides for relief from state actors. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Plaintiff does not allege any state actors were involved in, or are liable to him for, any of his claims. "[T]he deed of an ostensibly private organization or individual," such as Tropicana Casino and Hicks, may be treated as state action if, and only if, "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic*

*Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). The complaint does not allege sufficient facts for the Court to find for screening purposes that the casino and its employee were acting on behalf of the state. As Plaintiff has failed to allege an essential element of a § 1983 claim, the involvement of a state actor, his negligence, false arrest, and assault claims must be dismissed for failure to state a claim.

Even if Plaintiff were to allege facts suggesting state involvement, the complaint appears to be barred by the statute of limitations. Plaintiff's negligence, assault, and false arrest claims are governed by New Jersey's two-year statute of limitations on personal injury claims whether they are construed as federal or state claims. N.J. STAT. ANN. § 2A:14.2(a); *Green v. New Jersey*, 625 F. App'x 73, 76 (3d Cir. 2015); *Earl v. Winne*, 101 A.2d 535, 542 (N.J. 1953). Plaintiff states he was detained and assaulted on August 16, 2013. Complaint at 1. The statute of limitations on his claims therefore expired on August 16, 2015, over a month before he submitted his complaint for mailing. As it is apparent from the face of the complaint that the claims are barred by the statute of limitations, they are subject to dismissal.[3]

---

[3] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious

7

Plaintiff also has not sufficiently alleged facts for an access to the courts claim. "To establish a cognizable claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to present a claim. A prisoner can show an actual injury only when a nonfrivolous, arguable claim is lost." *Henry v. Moore*, 500 F. App'x 115, 117 (3d Cir. 2012) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 352–54 (1996)). Additionally, "the claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement [and] a prisoner must demonstrate that no other remedy will potentially compensate for the lost claim." *Id.* (internal citations omitted); *see also Lewis*, 518 U.S. at 355 ("Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Plaintiff states he has been requesting tort claim forms from the New Jersey Department of Treasury for the past two years. Exhibit to Complaint, Docket Entry 1-1 at 2. He states they kept sending him forms for suing the State of New Jersey,

---

from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (per curiam)

which was not his intention. *Id.* He further states the law librarian at EJSP would not permit him to "order the right tort claim." *Id.* Construing the complaint liberally, the Court infers that Plaintiff is alleging he lost his ability to file a tort claim against Tropicana Casino and Hicks because no one would provide him with the "right tort claim form." However, this is not a claim that can form the basis of a constitutional violation because the alleged lost claim is not a challenge to his criminal conviction, *i.e.*, a habeas petition or direct appeal, or to the conditions of his confinement. *Henry*, 500 F. App'x at 117. He has therefore failed to state a claim for denial of access to the courts.

Finally, to the extent Plaintiff asks this Court to file criminal charges against Defendants, the Court cannot grant this relief as the Court does not have the power to bring criminal charges. The ability to bring criminal charges lies solely with the prosecutors in the executive branches of the state and federal governments. Therefore, all requests for prosecuting criminal claims against Defendants are dismissed.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, it does not appear Plaintiff can correct the deficiencies of the complaint

as his negligence, assault, and false arrest claims are time barred and his access to the courts claim does not meet the "injury" requirement. The complaint is therefore dismissed with prejudice.

The Court notes that this is Plaintiff's third federal action that has been dismissed under 28 U.S.C. § 1915(e)(2)(B) after being granted *in forma pauperis* status. *See Bethea v. Trump*, No. 06-4019 (3d Cir. Mar. 15, 2007) (dismissing appeal as frivolous or malicious); *Bethea v. Trump*, No. 06-1052 (D.N.J. Aug. 7, 2006) (dismissing complaint for failure to state a claim). As such, Plaintiff is barred from receiving *in forma pauperis* status unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's complaint is dismissed with prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is barred from receiving *in forma pauperis* status in filing future federal court complaints unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The accompanying Order will be entered.


 **December 23, 2016**                    **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          Chief U.S. District Judge